UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (Columbus)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS E. PEREZ**, Secretary of Labor, : Case No.
U.S. Department of Labor, :
                                                                               : 14-481

    Plaintiff, :

        v. :

**THE CFP GROUP, INC.** and **ROBERTO CLARK**, :

    Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **COMPLAINT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, The CFP Group, Inc. and Roberto Clark, from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, as hereinafter prayed for, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)    At all relevant times, Defendant The CFP Group, Inc. was a Maryland corporation with a place of business at 1401 Chain Bridge Road, Suite 300, McLean, Virginia. At all relevant

times, The CFP Group, Inc. was a contractor that employed employees to perform construction work related to the installation and/or modification of fire alarm and sprinkler systems at the Joseph P. Kinneary United States Courthouse, Columbus, Ohio, within the jurisdiction of this Court.

  (B) Defendant Roberto Clark, at all times hereinafter mentioned, was the owner and president of the corporate Defendant, and acted directly or indirectly in the interest of the corporate defendant in relation to its employees, and is an employer within the meaning of section 3(d) of the Act.

III

  The defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Act.

IV

  The defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying their employees wages at a rate less than $7.25 per hour in workweeks after July 23, 2009, when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. Specifically, Defendants paid certain employees no wages in certain workweeks during which their employees performed work.

VI

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing their employees, who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total

hours worked each workweek with respect to employees and the regular rates at which they were employed.

## VIII

During the period since October 2012, Defendants have repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.  For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B.  For an Order:

1.  pursuant to section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or, in the event liquidated damages are not awarded,

2.  pursuant to section 17, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime

compensation found due their employees listed in the attached Exhibit A (additional back wages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint) and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

                Respectfully submitted,

Dated:  May 21, 2014       /s/ Matthew M. Scheff
                MATTHEW M. SCHEFF (0082229)
                Trial Attorney

                United States Department of Labor
                Office of the Solicitor
                1240 East Ninth St., Room 881
                Cleveland, OH  44199
                (216) 522-3878
                (216) 522-7172 (Fax)
                scheff.matthew@dol.gov

                OF COUNSEL:

                M. PATRICIA SMITH
                Solicitor of Labor

                CHRISTINE Z. HERI
                Regional Solicitor

                BENJAMIN T. CHINNI
                Associate Regional Solicitor

**EXHIBIT A**

1. Josh Bernhart
2. Steve Gosnell
3. David Thalheimer